**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RONALD SPRATT,

                               Plaintiff,

                        - v -

FORDAM HILL OWNERS CORP., *Board of Dir.*;
ARGO REAL ESTATE L.L.C., *Co-op's Managing Agent*;
KEN NELSON

                               Defendants.

1:15-CV-0220
(BKS/RFT)

**APPEARANCES:**                **OF COUNSEL:**

RONALD SPRATT
Plaintiff, *Pro Se*
190 Ormond Street
Albany, New York 12208

**RANDOLPH F. TREECE, U.S. Magistrate Judge**

**ORDER**

The Clerk of the Court has sent *pro se* Plaintiff Ronald Spratt's Complaint and Application to

Proceed *In Forma Pauperis* (IFP) to the Court for its review. *See* Dkt. Nos. 1, Compl. & 2, IFP App.

Plaintiff brings this action pursuant to 42 U.S.C. § 3604, claiming Defendants discriminated against

him in failing to properly consider his application for purchase of apartment 11h at 1 Fordham Hill Oval,

which, upon information and belief, is located in Bronx, New York. For a complete statement of

Plaintiff's claims, reference is made to the Complaint.

The relevant venue provision states that a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the
State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to
the claim occurred, or a substantial part of property that is the subject of the action is

situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interests of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Even where venue is proper, a district court may *sua sponte* decide to transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. *See* 28 U.S.C. § 1404(a); *Flaherty v. All Hampton Limousine, Inc.*, 2002 WL 1891212 (S.D.N.Y. Aug. 16, 2002); *see also Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, 2002 WL 1891212, at *1 (internal quotation marks and citations omitted). When considering whether to transfer *sua sponte*, courts follow the same traditional analysis used when a party moves for a change of venue. *See, e.g., Flaherty v. All Hampton Limousine, Inc.*, 2002 WL 1891212, at *1-2; *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 916 (E.D.N.Y. 1994). Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Flaherty v. All Hampton Limousine, Inc.*, 2002 WL 1891212, at *1 (internal quotation marks and citation omitted).

Here, assuming federal jurisdiction exists in this case and that Plaintiff's claims are not frivolous, Plaintiff could have brought this action in the United States District Court for the Southern District of New

-2-

York because most, if not all, of the alleged violations appear to have occurred in Bronx, New York, which is located in that District. 28 U.S.C. § 112(b). Moreover, because all of the Defendants appear to be located in the Southern District of New York, the Court finds that the balance of convenience and justice favors transfer of this action.

The Court makes no ruling as to the sufficiency of Plaintiff's Complaint nor the merits of his IFP Application, thereby leaving those determinations to the transferee court.

Accordingly, it is hereby

**ORDERED**, that pursuant to 28 U.S.C. § 1404(a), the Clerk of this Court shall transfer this action to the United States District Court for the Southern District of New York; and it is further

**ORDERED**, that the Clerk of this Court shall advise the Clerk of the Southern District of New York, in writing, of the entry of this Order and shall provide that Clerk with a certified copy of this Order and of the docket sheet for this action, together with all information necessary for the Clerk of the Southern District of New York to access electronically the documents filed in this action; and it is further

**ORDERED**, that the Clerk of this Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: April 8, 2015
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge

-3-